# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**MICHAEL JAY CARROLL**                                                                   **PLAINTIFF**

**v.**                         **CIVIL ACTION NO. 4:17CV-83-JHM**

**DAVIESS COUNTY DETENTION CENTER et al.**            **DEFENDANTS**

## MEMORANDUM OPINION

On June 23, 2017, while confined in the Daviess County Detention Center, Plaintiff filed a *pro se* civil-rights complaint pursuant to 42 U.S.C. § 1983 (DN 1). Plaintiff did not pay the filing fee for this action, but instead filed a prisoner application to proceed without prepayment of fees (DN 3). On July 19, 2017, the Court entered an Order (DN 5) granting Plaintiff's application to proceed without prepayment of fees. The Order granting Plaintiff's application to proceed without prepayment of fees was mailed to Plaintiff at the Daviess County Detention Center address he provided to the Court. On July 27, 2017, the copy of that Order sent to Plaintiff was returned to the Court (DN 6) marked "Return to Sender."

Upon filing the action in this Court, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Review of the docket reveals that two months have passed without Plaintiff providing any notice of an address change. Because Plaintiff has failed to provide an updated address to the Court and an Order sent to Plaintiff by this Court has been returned, the Court concludes that Plaintiff has failed to comply with Local Rule 5.2(e), has abandoned any interest in prosecuting this action, and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

Therefore, the Court will enter a separate Order consistent with this Memorandum Opinion.

Date: October 4, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
4414.003